UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JANE DOE NO. 1 and JANE DOE NO. 2,

                      Plaintiffs,                  NOT FOR PUBLICATION
                                                              **MEMORDANDUM & ORDER**
   - against -                              14-CV-5725 (CBA) (MDG)

ELIMELECH MEISELS, PENINIM OF
AMERICA, INC., and PENINIM SEMINARY,

                      Defendants.
-----------------------------------------------------------x
AMON, Chief United States District Judge.

Plaintiffs Jane Doe 1 and Jane Doe 2 initiated this action on September 29, 2014 alleging that defendant Meisels sexually harassed them in violation of Title IX, 20 U.S.C. §§ 1681-1688, as well as raising a number of state law contract and tort claims. Defendants moved to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), defective service of process under Rule 12(b)(5)[1] and failure to state a claim pursuant to Rule 12(b)(6). (DE # 19, 21.) Plaintiffs' cross-moved for an extension of time to serve Meisels under Federal Rule of Civil Procedure 4(m). (DE # 18.)

**I.    Service of Process**

Defendant Meisels argues that service at Peninim's corporate address in New Jersey was inappropriate because he neither lives nor resides in the United States. Plaintiffs respond that because service was effectuated at a location Meisels held out as his place of business, service was proper under Federal Rule of Civil Procedure 4(e)(1) and C.P.L.R. § 308. Alternatively, plaintiffs have requested that the Court grant them leave to serve defendant Meisels in Israel, where he claims to permanently work and reside.

---

[1] Defendants argue that service to defendant Meisels was defective, but do not contest that he would be validly subject to personal jurisdiction if properly served. (See DE # 21 at 4-13, 17-18.) Accordingly, that motion is one more properly made under Rule 12(b)(5), rather than Rule 12(b)(2).

1

Pursuant to Rule 4(f), service of process in a foreign country may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). In assessing the timeliness of such service, courts employ a "flexible due diligence standard," rather than the 120-day window set by Rule 4(m). Aqua Shield, Inc. v. Inter Pool Cover Team, No. 05-CV-4880 (CBA), 2007 WL 4326793, at *2 (E.D.N.Y. Dec. 7, 2007).

In this case, plaintiffs propose to serve defendant Meisels in Israel. Because both Israel and the United States are signatories to the Hague Service Convention, its provisions govern. Treeline Inv. Partners, L.P. v. Koren, No. 07-CV-1964 (DLC), 2007 WL 1933860, at *5 (S.D.N.Y. July 3, 2007) (citing Burda Media, Inc. v. Viertel, 417 F.3d 292, 299-300 (2d Cir. 2005)). "Article 10(a) of the Hague Service Convention permits service through mailing of 'judicial documents, by postal channels, directly to persons abroad,' provided that the destination state has not objected to this provision." Id. (citation omitted). Israel has not objected to Article 10(a) and therefore defendants in Israel may be served by international registered mail. Id. (citing Ackermann v. Levine, 788 F.2d 830, 840 (2d Cir. 1986)).

Nevertheless, defendants object to service in Israel. Defendants argue that service is untimely because plaintiffs failed to effectuate it within 120 days as required by Rule 4(m). But that argument misses the mark because Rule 4(m) plainly states it does not govern foreign service. Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).") (emphasis added).)

Under the correct standard, service would be timely because plaintiffs have acted diligently to serve Meisels. See Aqua Shield, 2007 WL 4326793, at *2. First, plaintiffs timely

2

attempted service at Peninim's corporate address in Lakewood, New Jersey less than 30 days after filing their complaint. (Miltenberg Ex. 4.) Plaintiffs attempted service at that address based on Peninim's annual report to the New Jersey government, which stated that 315 Squankum Road in Lakewood, New Jersey was Peninim's "[p]rincipal business address" and that Meisels would accept service for it at that location. (Condon Ex. B at 2.) Despite defendants' claim that Meisels actually conducted no business at that Lakewood address, Peninim's report at least suggests that Meisels may held out that location as his place of business. See C.P.L.R. § 308(4) ("'[A]ctual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business."). To avoid that close question, plaintiffs prudently seek to serve defendant Meisels in Israel. (DE # 18.) And rather than unreasonably delaying that request—as defendants claim—plaintiffs made it less than two months after Meisels first raised the issue of service in his pre-motion letter. (See DE # 16, 18.) Accordingly, the Court concludes plaintiffs acted with the necessary level of due diligence.

Moreover, defendants have failed to identify any possible prejudice to Meisels from allowing service in Israel. Indeed, defendants concede that Meisels actually received the summons and has full knowledge of this litigation. (DE # 21 at 12.) Defendants further concede that the statute of limitations would not bar plaintiffs from refiling if the suit were dismissed due to insufficient process. (DE # 8.) Given those admissions and the Second Circuit's strong preference that that litigation be resolved on the merits, rather than by dismissal," Aqua Shield, 2007 WL 4326793, at *2 (citation omitted), the Court concludes service in Israel would be proper.

3

## II.  Venue

Next, defendants move to dismiss under Rule 12(b)(3) arguing that this District is not the proper venue for this action. Plaintiffs bear the burden of showing proper venue. Solow Bldg. Co., LLC v. ATC Assoc's, Inc., 175 F. Supp. 2d 465, 469 (E.D.N.Y. 2001) (citation omitted). Plaintiffs may satisfy that burden either by making a prima facie showing of venue through their pleadings and affidavits submitted to the Court or, if facts are disputed, through an evidentiary hearing. Zaltz v. JDATE, 952 F. Supp. 2d 439, 447-48 (E.D.N.Y. 2013).

Section 1391 of Title 28 provides three potential bases for venue in federal civil actions. 28 U.S.C. § 1391(a)-(b). The first two bases are inapplicable here because defendants do not reside in a single state, as required by § 1391(b)(1), nor is there a single district where a significant part of the events took place, as required by § 1391(b)(2). Accordingly, the only potential basis for venue is § 1391(b)(3), which allows a civil action to be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" when "there is no district in which an action may otherwise be brought as provided in this section." 28 U.S.C. § 1391(b)(3) (emphasis added).

Although "Meisels concedes that he is subject to the [Court's] personal jurisdiction," defendants argue that venue is improper because the Peninim defendants may not be.[2] (DE # 21 at 17-18.) That argument is frivolous. The text of § 1391(b)(3) makes plain that venue lies in any district where any defendant is subject to personal jurisdiction, even if other defendants are not. 28 U.S.C. § 1391(b)(3); see also Bank of N.Y. Mellon Trust Co, N.A. v. Gebert, No. 13-

---

[2] Although the Peninim defendants claim that they are not subject to the Court's jurisdiction for the purposes of defeating venue, they do not move to dismiss on that basis. To the contrary, defendants make plain that their motion raises only the following three bases for dismissal: (1) personal jurisdiction was not established over Meisels because of the defect in service; (2) improper venue; and (3) failure to state a claim. (DE # 21 at 2; DE # 23 at 2.) Because defendants' personal jurisdiction challenge is limited to the purportedly defective service on Meisels, any claim that the Peninim defendants are not subject to this Court's jurisdiction is waived. See Fed. R. Civ. P. 12(h)(1).

4

CV-6988 (PKC), 2014 WL 1883551, at *4 (S.D.N.Y. May 9, 2014) ("[U]nder section 1391(b)(3), a proper basis for venue could exist when there is personal jurisdiction over one defendant in a district, but not others."); see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, --- U.S. ---, 134 S. Ct. 568, 578 (2013) ("[T]he venue statutes reflect Congress' intent that venue should always lie in some federal court whenever federal courts have personal jurisdiction over the defendant."). Because venue would be proper in no other district and the defendants concede that at least one of them is properly subject to personal jurisdiction in this District, venue is proper here.[3]

## III. Title IX

In their motion, defendants argue that plaintiffs fail to establish a Title IX claim for three reasons: (1) Title IX does not apply extraterritorially, (2) defendants do not receive federal funding, and (3) plaintiffs fail to allege discrimination because of their sex. But at oral argument, defendants conceded that the first two prongs of their motion raise questions of fact not amenable to resolution on a motion to dismiss. And defendants are simply wrong on the final prong because it is well-settled that "sexual harassment is a form of discrimination for Title IX purposes," Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 649-50 (1999) (citing Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 281 (1998) and Franklin v. Gwinnett Cnty. Public Schs., 503 U.S. 60, 74–75 (1992)).

---

[3] Because the plaintiffs fail to challenge defendants' reading of § 1391(b)(3), the Court considers the motion unopposed on that point. See Gorat v. Capala Bros., Inc., No. 07-CV-3629 (ILG), 2010 WL 1423018, at *11 (E.D.N.Y. Apr. 9, 2010). But defendants' view of the law would result in there being no proper venue for this case anywhere in the country. (DE # 21 at 17-18 (admitting "there is no other venue within the United States where this case can be properly brought[,]" but arguing that venue remains improper here). That interpretation runs contrary both to the language of the venue statute and the Supreme Court's finding that, where a defendant is subject to personal jurisdiction, "venue will always exist in some federal court." Atl. Marine, --- U.S. at ---, 134 S. Ct. at 578. The Court need not reach that legally erroneous conclusion merely because plaintiffs imprudently failed to oppose defendants' argument. See Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004) (motion for summary judgment).

Because the applicability of Title IX turns on the relatively straight-forward factual question of whether the Peninim defendants received federal funds, the Court directs the parties to conduct limited discovery on that issue.

## IV. State Law Claims

As plaintiffs concede that Title IX provides the sole basis of federal jurisdiction, the Court declines to consider the state law claims at this time in the interest of judicial economy. If the Title IX claim proves viable following discovery on the issue of federal funding, defendants may renew their motion to dismiss the state law claims.

## CONCLUSION

For the reasons set forth above, the Court directs plaintiffs to serve defendant Meisels in Israel and denies as moot plaintiffs' motion for an extension of time to serve. Defendants' motion to dismiss due to deficient service is denied without prejudice. The Court further denies defendants' motion to dismiss for improper venue. Finally, the Court denies defendants' motion to dismiss the Title IX claim and grants limited discovery on whether the Peninim defendants receive federal funds. The remainder of the motion to dismiss is held in abeyance pending completion of that discovery.

SO ORDERED.

Dated: April 17, 2015
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge