FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 20 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JANE DOE NO. 1 and JANE DOE NO. 2,

                Plaintiffs,

- against -

ELIMELECH MEISELS, PENINIM OF
AMERICA, INC., and PENINIM SEMINARY,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORDANDUM & ORDER**
14-CV-5725 (CBA) (MDG)

**AMON, United States District Judge:**

Plaintiffs Jane Does 1 and 2 brought this action alleging sexual harassment against defendant Meisels under state tort and contract law and against defendants Peninim of America, Inc., and Peninim Seminary (together, "Peninim") under Title IX, 20 U.S.C. §§ 1681–1688. Defendants moved to dismiss for lack of subject-matter jurisdiction, as well as on other grounds that the Court denied. (D.E. # 19, 21, 25.)

The sole basis for federal jurisdiction is Title IX.[1] (See Tr. of April 17, 2015, Oral Arg. at 2:25–3:8; see also Pl. Letter dated Nov. 17, 2015 ("Pl. Nov. 17 Letter"), at 1.) Because the applicability of Title IX turns on the relatively straightforward factual question of whether Peninim received federal funds, the Court denied defendants' motion to dismiss the Title IX claim and granted limited discovery on that issue, (see D.E. # 25). See Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014) ("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings . . . .") The parties completed that discovery, and plaintiffs now submit a

---

[1] There is no diversity because Jane Doe 2 and Peninim are both residents of New Jersey. (See Compl. ¶¶ 2, 4.)

1

Peninim student-tuition contract and the transcript of an August 27, 2015, deposition of defendant Meisels in support of federal jurisdiction.

As the party invoking federal jurisdiction, the plaintiffs have "the burden of proving by a preponderance of the evidence that [subject-matter jurisdiction] exists." Tandon, 752 F.3d at 243. For the following reasons, the Court concludes that plaintiffs have not met their burden and dismisses this action for lack of subject-matter jurisdiction.

## DISCUSSION

Title IX "condition[s] an offer of federal funding on a promise by the recipient not to discriminate, in what amounts essentially to a contract between the Government and the recipient of funds." Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 286 (1998). Therefore only "recipients" are bound by Title IX. "Entities that receive federal assistance, whether directly or through an intermediary, are recipients within the meaning of Title IX; entities that benefit only economically from federal assistance are not." Nat'l Collegiate Athletic Ass'n v. Smith, 525 U.S. 459, 468 (1999) (hereinafter "NCAA"). The Supreme Court has made clear that colleges enrolling students who receive federal funds earmarked for tuition are indirect recipients of federal funds, see Grove City Coll. v. Bell, 465 U.S. 555, 563–70 (1984), while organizations receiving dues not earmarked for that purpose from federally assisted colleges are not recipients, see NCAA, 525 U.S. at 468.

Plaintiffs' showing is insufficient to establish federal jurisdiction. Plaintiffs do not claim that they themselves paid Peninim tuition with earmarked federal funds. Nor have they identified any other Peninim student who did so. Cf. Grove City, 465 U.S. at 563–70. Instead they claim, first, that Meisels acknowledged that some Peninim students might have received federal financial aid. (See Meisels Dep. Tr. at 43:9–20.) Meisels said it was possible that a Peninim student would

transfer federal funds to Peninim, but he did not say that this had in fact occurred—instead he emphasized that he did not know definitively because he was not himself responsible for tuition or the financial office. (See, e.g., id. at 55:11–14.) He stated unequivocally, however, that Peninim did not receive funds directly from the U.S. government nor was Peninim approved by the U.S. government for students to attend it. (See id. at 42:25–43:8, 47:7–13.) In further support of their contention that Title IX applies, plaintiffs argue that the Peninim student-tuition contract references the school's receiving federal funds. (See Pl. Nov. 17 Letter at 2.) This contract states that "[t]he tuition amount does not take into account MASA, FAFSA, TAP, or other U.S. Government grants awarded" and "[y]ou will be refunded once we receive the funds." This statement is ambiguous, particularly since it appears uncontested that Peninim does not receive funds directly from the U.S. government. Meisels claims this language applied to "students who attend [Peninim] who also attend one or several American colleges . . . [and] receive federal money for attending the college" and was intended to clarify that Peninim could not consider a student's federal funding at her American university when determining her tuition because Peninim was not itself eligible to receive federal funds. (Meisels Dep. Tr. at 46:24–47:13.) Although perhaps a strained interpretation of that language, plaintiffs have not offered other evidence to rebut this explanation. At most, the contract recognizes the possibility that students might have received federal aid, but it does not support the inference required to subject Peninim to Title IX—namely that Peninim did in fact receive federal funds earmarked for tuition. Without evidence that Peninim ever received earmarked federal funds, plaintiffs' evidence permits only the inference that Peninim enrolled students through the study-abroad programs of American colleges that might have received federal funds. (Id. at 46:16–47:19.) Receiving funds from a federally assisted college makes Peninim an economic beneficiary of those schools' federal funds, but it does not make

Peninim a recipient under Title IX. See NCAA, 525 U.S. at 468. Therefore the only reasonable inference from plaintiffs' evidence is insufficient to establish Title IX's applicability.

The burden of establishing federal jurisdiction falls on the plaintiffs, and here they were permitted to conduct discovery on this very issue in order to meet that burden. Having completed that discovery, their showing is insufficient to demonstrate that Peninim was subject to Title IX and, correspondingly, this Court's jurisdiction.

## CONCLUSION

For the reasons above, the Court concludes that plaintiffs have failed to show by a preponderance of the evidence that the Court has subject-matter jurisdiction over their Title IX claim. See Tandon, 752 F.3d at 243. Since that claim is the sole basis for federal jurisdiction, the Court lacks subject matter jurisdiction over this action. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.") The complaint is therefore dismissed, and the Clerk of Court is directed to close the case.

SO ORDERED.

Dated: May 20, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge